IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, L.L.C, | § | No. 5:16-CV-361-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| MIDFIRST BANK, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR
SUMMARY JUDGMENT

Before the Court is a Motion for Summary Judgment filed by

Defendant Midfirst Bank ("Midfirst").  (Dkt. # 28.)  On October 12, 2016, the

Court held a hearing on the Motion:  Justin P. Nichols appeared on behalf of

Kingman Holdings, LLC ("Kingman" or Plaintiff") and Jeffrey Hiller appeared on

behalf of Midfirst.  For the reasons that follow, the Court **GRANTS IN PART** and

**DENIES IN PART** Midfirst's Motion for Summary Judgment (Dkt. # 28).

BACKGROUND

This case concerns the ownership of property located at 218 Ring of

Roses, San Antonio, Texas 78227 (the "Property").  On October 9, 2003, Jamie

Garcia and Norma Garcia (the "Garcias") executed a deed of trust (the "Deed of

Trust") to secure a mortgage loan in the amount of $133,500 from Summit

1

Mortgage Corporation d/b/a Executive Mortgage ("Summit Mortgage"),

benefitting Mortgage Electronic Registration Systems, Inc. ("MERS").  (Dkt. # 28-3, Ex. C.)  Attached to the Deed of Trust was a Planned Unit Development Rider.

On October 17, 2003, the Deed of Trust and Rider was properly recorded in the

official records of the Bexar County Clerk's office.  (Id.)  On January 18, 2012, the

Garcias entered into a loan modification agreement with Midfirst and MERS

because they had defaulted or were at imminent risk of default.  (Dkt. # 28-5, Ex.

E.)

    The Property is subject to a Declaration of Covenants, Conditions and

Restrictions for Stablewood Planned Unit Development (the "Declaration").  (Dkt.

# 28-2, Ex. B.)  Pursuant to the Declaration, the Garcias owed assessment

payments to the Stablewood Homeowners Association (the "Association"), and

failure to pay the assessment would result in the placement of a lien on the

Property (the "Assessment Lien").  (Id. Art. 4.)  However, such a lien "shall be

subordinate to the lien of any first mortgage."  (Id. § 4.9)  Failure to pay would

also authorize the Association to foreclose the Assessment Lien against the

Property.  (Id. § 4.8.)

    The Garcias failed to make their assessment payments to the

Association, and the Association conducted a foreclosure sale of the Assessment

Lien.  On January 6, 2015, the Association's trustee sold the Property for $ 1,339

to Ring of Roses 218 Land Trust with Kingman as Trustee.  ("Trustee's Deed," Dkt. # 28-1, Ex. A.)  The Trustee's Deed was "subject to all exceptions of record and subject to each and every superior lien and encumbrance, if any, and to the extent they are valid, existing, and affect the Property."  (Id.)  On January 21, 2015, the Trustee's Deed was properly recorded in the official records of the Bexar County Clerk.  (Id.)

On December 4, 2015, MERS, acting as the sole nominee of Summit Mortgage, assigned the Deed of Trust to Midfirst.  (Dkt. # 28-4, Ex. D.)  On January 5, 2016, Midfirst properly recorded the assignment in the official records of the Bexar County Clerk.  (Id.)

On February 24, 2016, Kingman Holdings, LLC ("Kingman") filed the instant suit in the 131th District Court of Bexar County, Texas.[1]  (Dkt. # 1-1.)  Kingman asserts a cause of action to quiet title, and seeks declaratory relief in the form of a judgment declaring: (1) the rights between the parties as they relate to the Property; or (2) the order of priority of all valid liens on the Property; or (3) the current value any valid deed of trust, and the amount necessary to satisfy and release any lien on the Property.  (Id.)  Midfirst received service of process on March 21, 2016, and filed a First Amended Answer on April 8, 2016, asserting a

---

[1] At the time of filing, Kingman named the Honorable Julian Castro, in his official capacity as the Secretary of the U.S. Department of Housing & Urban Development as a defendant.  (Dkt. # 2.)  However, prior to removal Kingman voluntarily dismissed claims against Secretary Castro.  (Id.)

counterclaim to quiet title and seeking declaratory judgment that (1) Midfirst's

Deed of Trust is valid; and (2) Midfirst holds the first lien encumbering the

Property; and (3) any interest Kingman has in the property is subject to Midfirst's

lien.  (Id.)

        On April 11, 2016, Midfirst filed a timely Notice of Removal in this

Court.  (Dkt. # 2.)  After removal, Midfirst filed a Third Party Complaint against

the Garcias.  (Dkt. # 6.)  On August 24, 2016, the Court adopted a Report and

Recommendation from Magistrate Judge John W. Primomo granting Midfirst's

Motion for Default Judgment against the Garcias, and directed entry of final

judgment against the Garcias in the amount of $147,065.66.  (Dkt. # 27.)

        On August 31, 2016, Midfirst filed the instant Motion for Summary

Judgment.  (Dkt. # 28.)  Kingman filed a Response.  (Dkt. # 29.)

LEGAL STANDARD

        A movant is entitled to summary judgment upon showing that "there

is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a); see also

Meadaa v. K.A.P. Enters., L.L.C., 756 F.3d 875, 880 (5th Cir. 2014).  A dispute is

only genuine "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986).

The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets this burden, the nonmoving party must come forward with specific facts that establish the existence of a genuine issue for trial.  Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or weigh the evidence." Tiblier v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

<u>DISCUSSION</u>

I.     <u>Standing</u>

At the outset, Midfirst challenges Kingman's standing to sue because the real party in interest is Ring of Roses 218 Land Trust.  Midfirst contends that although Kingman is the trustee of Ring of Roses 218 Land Trust, Kingman has not pled that it is proceeding as trustee.  However, at the hearing, Midfirst essentially conceded that its standing argument lacked merit.  Nevertheless, the Court will address it.

Standing is, of course, a prerequisite to this Court's exercise of Article III power.  <u>Thomas v. N.A. Chase Manhattan Bank</u>, 994 F.2d 236, 242 (5th Cir. 1993).  The doctrine of standing "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal court jurisdiction."  <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493 (2009) (internal quotations omitted) (emphasis in original).  To satisfy Article III standing, a plaintiff must have suffered an "injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress injury."  <u>Id.</u>  Generally, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or

6

interests of third parties." <u>Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 474−75 (1982).  However, the Federal Rules of Civil Procedure create certain exceptions whereby a party "may sue in their own name without joining the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a)(1).   One such exception permits a trustee to bring an action to benefit an express trust.  <u>Id.</u> at 17(a)(E).   Nevertheless, while a trustee may bring an action, it must also show that it has the "capacity to sue" on behalf of the trust.  <u>Id.</u> at 17(b).   Under federal rules, the capacity of a trustee to sue is determined "by the law of the state where the court is located."  <u>Id.</u> at 17(b)(3).

In Texas, where this Court is located, "a trustee may exercise any powers . . . that are necessary or appropriate to carry out the purposes of the trust." Tex. Prop. Code § 113.002.  However, such power is limited "to the extent that the instrument creating the trust, a subsequent court order, or another provision of this subtitle conflicts with or limits the power."  <u>Id.</u> § 113.001.  Accordingly, Texas law provides that a trustee may sue on the behalf of a trust if the action's purpose is "necessary or appropriate to carry out the purposes of the trust," unless the trust instrument limits such authority.

In this case, it undisputed that Ring of Roses 218 Land Trust owns the Assessment Lien obtained by virtue of a Trustee's Deed.  (Dkt. # 28-1, Ex. A.)  It is also undisputed that Kingman is the trustee of Ring of Roses 218 Land Trust.

(Id.)  However, in pleading, Kingman did not expressly state that it was proceeding in its capacity as trustee.  Instead, Kingman has proceeded in its individual capacity.  As such, Midfirst contends that Kingman lacks standing because it has no "actual injury" related to the Property at issue in this lawsuit, thus destroying any controversy before the Court.  However, Midfirst's position asks this Court to elevate form over substance due to a defect in pleading.  Given that federal courts impose a liberal pleading standard, the Court finds that Kingman is, and has always been, proceeding as trustee of Ring of Roses 218 Land Trust.  Accordingly, the Court finds that Kingman has standing to sue.  Cf. Darby v. Pasadena Police Dep., 939 F.2d 311, 315 (5th Cir. 1991) ("[T]o regard the plaintiffs' selection of the wrong government officials in mounting this suit as anything more than a remedial pleading defect . . . would be to elevate form over substance.").

## II.   Quiet Title

 "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property."  Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App. 2009) (internal quotation marks omitted).  "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title."  Gordon v. W. Hous. Trees, Ltd., 352 S.W.3d 32, 42 (Tex. App. 2011).  To prevail on a quiet title claim under Texas law, a plaintiff must show: (1) interest in a specific property; (2) title to the property is

affected by a claim of the defendant; and (3) the claim, although facially valid, is

invalid or unenforceable.  Green v. JPMorgan Chase Bank, N.A., 937 F. Supp. 2d

849, 863 (N.D. Tex. 2013).  In so doing, "the plaintiff has the burden of supplying

the proof necessary to establish his superior equity and right to relief."  Hahn, 321

S.W.3d at 531.

      A.  Kingman's Quiet Title Claim

      Kingman's quiet title claim fails because it cannot create a question of

fact as to whether Midfirst's claim is invalid or unenforceable.  Instead, the

evidence proves that Midfirst holds a valid and superior lien on the Property.

Midfirst's claim in the Property is valid and enforceable, because it is well-known

a junior lienholder takes an interest in a property subordinate to the interests of the

senior lienholder.  Elbar Investments, Inc. v. Wilkinson, No. 14-99-002967, 2003

WL 22176624, at *2 (Tex. App. Sept. 3, 2003); see also I-10 Colony, Inc. v. Chao

Kuan Lee, 393 S.W.3d 467, 473 (Tex. App. 2012) (stating that under most

circumstances, foreclosure on a junior lien will not extinguish a senior lien; the

purchaser at the foreclosure sale will take the property subject to the senior lien).

      Here, the public records reflect that the Assessment Lien placed on the

Property "shall be subordinate to the lien of any first mortgage" and the first

mortgage on the Property was held by Summit Mortgage and MERS.  (Dkt. # 28-3,

Ex. C.)  Further, the Trustee's Deed transferring the Property to Kingman was

"subject to each and every superior lien." (Id.)  The fact that MERS assigned its interest to Midfirst after Kingman recorded its interest does not change Kingman's subordinate interest; further, the foreclosure of the Assessment Lien did not extinguish the senior lien held by Summit Mortgage and MERS, who held the superior interest before and during the foreclosure.  See Kingman Holdings, LLC v. Everbank, No. 5:13-CV-1127, 2014 WL 1491257, at *4 (W.D. Tex. Apr. 14, 2014); DTND Sierra Invs. LLC v. Bank of Am., N.A., 871 F. Supp. 2d 567, 573 (W.D. Tex. 2012) ("Under Texas common law, foreclosure does not terminate interests in the foreclosed real estate that are senior to the lien being foreclosed, and the successful bidder at a junior lien foreclosure takes title subject to the prior liens.") (quoting Conversion Props., LLC v. Kessler, 994 S.W.2d 810, 813 (Tex. App. 1999)).  Therefore, Midfirst's claim on the property is valid and enforceable because it is the superior lienholder.  Indeed, Kingman conceded this fact at the hearing.  Accordingly, Kingman cannot create a factual dispute that Midfirst's claim is invalid, and Midfirst is entitled to summary judgment on this claim.

B. Midfirst's Quiet Title Claim

Similarly, Midfirst's counterclaim to quiet title fails because it cannot create a factual dispute that Kingman's interest is invalid or enforceable. Indeed, Midfirst conceded at the hearing that Kingman possessed a valid and enforceable junior interest in the Property.  To be clear, the Declaration clearly permitted the

creation of an Assessment Lien on the Property when the Garcia's failed to pay their assessment dues.  Accordingly, when the Association foreclosed on the Property, and sold the Property to Ring of Roses 218 Land Trust, with Kingman acting as trustee, it conveyed a valid interest in the Property, albeit one "subject to each and every superior lien and encumbrance"—which included the Deed of Trust held by Summit Mortgage and MERS.  (Dkt. # 28-1, Ex. A.)  Accordingly, Midfirst is not entitled to summary judgment on its quiet title counterclaim.

III.    Accounting

Although not expressly pled, Kingman also appears to seek a payoff amount from Midfirst.  The Court construes such a claim as one for an accounting based in equity.

"A suit for accounting is generally founded in equity" and the decision to grant an accounting is within the discretion of the district court. Williams v. Wells Fargo Bank, NA, 560 F. App'x, 233, 243 (5th Cir. 2014) (quoting Sw. Livestock & Trucking Co. v. Dooley, 884 S.W.2d 805, 809 (Tex. App. 1994)).  "To be entitled to an accounting, a plaintiff usually must have a contractual or fiduciary relationship with the party from which the plaintiff seeks the accounting."  T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n, 79 S.W.3d 712, 717 (Tex. App. 2002).  "An equitable accounting is proper when the

facts and accounts presented are so complex adequate relief may not be obtained at law." Id.

In this case, Kingman seeks an accounting without providing any factual support for the equitable remedy. It has provided no summary judgment evidence suggesting that the information it seeks is complex such that an order of equitable accounting is proper. Williams, 560 F. App'x at 243 (failure to allege facts suggesting the information sought was complex barred an order of accounting). Further, a junior lienholder has no right to a payoff amount. Gonzalez Equities Ltd. v. Select Portfolio Servicing, Inc., SA−14−CV−1087−XR, 2015 WL 4508353, at *5 (W.D. Tex. July 24, 2015) (citing Sanders v. Shelton, 970 S.W.2d 721, 726−27 (Tex. App. 1998)). Therefore, Midfirst is entitled to summary judgment on this claim.

IV.   Declaratory Judgment

Both parties ask the Court to declare their rights as they relate to the Property.

In the Original Petition, Kingman asks the Court to make certain declarations regarding the ownership of and priority and value of liens on the Property pursuant to the Texas Declaratory Judgment Act ("TDJA"). Tex. Civ. Prac. & Rem. Code Ann. § 37 et seq.

The Fifth Circuit has held that the TDJA is procedural rather than a

substantive rule in federal court where the court is exercising its diversity jurisdiction.  Utica Lloyd's of Texas v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998); see also Everbank, 2014 WL 1491247 at *5.  Accordingly, the TDJA does not govern decisions in diversity suits.  Utica Lloyd's, 138 F.3d at 210 (citing Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.")).  Therefore, neither party is entitled to relief at summary judgment under the TDJA.

Since both parties seek a declaration of their rights with relation to the Property, the Court will construe the request for declaratory relief under federal law.  The Federal Declaratory Judgment Act is "an enabling act, which confers discretion on the courts rather than an absolute right on the litigant."  Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 389 (5th Cir. 2003) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995)).  The Supreme Court has explained, "the Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right."  Schilling v. Rogers, 363 U.S. 666, 677 (1960); Reid v. Aransas Cnty., 805 F. Supp. 2d 322, 339 (S.D. Tex. 2011).  Federal courts have broad discretion to grant or refuse declaratory judgment.  Torch, Inc. v. LeBlanc, 947 F.2d 193, 194 (5th Cir. 1991); Wilton, 515 U.S. at 286.  Indeed, title 28 of the United States Code

states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.

Here, although no cause of action remains, there does exist a judicially remedially right; both parties have valid, enforceable, and legal ownership rights in the Property.  Further, since these rights are competing and in conflict, a controversy exists between the parties. Accordingly, the Court has authority pursuant to 28 U.S.C. § 2201 to declare the rights and legal relations between the parties.  Accordingly, the Court declares that Midfirst has a superior interest in the Property, because Midfirst is the rightful owner of the Deed of Trust. Likewise, Ring of Roses 218 Land Trust has an interest in the Property subordinate to Midfirst, because Ring of Roses 218 Land Trust is the rightful owner of the Trustee's Deed.

V.    Attorney's Fees

Midfirst moves for an award of attorney's fees pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.  (Dkt. # 28 at 12.) The Court, however, cannot award attorney's fees under Section 37.009 because it is bound to apply federal procedural law and Section 37.009 functions solely as a procedural mechanism.  Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 210 (5th

Cir. 1998) (quoting <u>Housing Authority v. Valdez</u>, 841 S.W.2d 860, 864 (Tex. App. 1992); <u>Callan v. Deutsche Bank Trust Co. Americas</u>, 11 F. Supp. 3d 761, 771 (S.D. Tex. 2014).  Accordingly, a party may not rely on Section 37.009 to authorize an award of attorney fees in federal court in an action based on diversity jurisdiction. <u>Utica Lloyd's</u>, 138 F.3d at 210.  The federal Declaratory Judgment Act "does not by itself provide statutory authority to award attorney's fees that would not otherwise be available under [substantive] state law in a diversity action." <u>Mercantile Nat'l Bank v. Bradford Trust Co.</u>, 850 F.2d 215, 218 (5th Cir. 1988). The only substantive state law claim Midfirst asserts is its counterclaim to quiet title. Attorney's fees are not available in an action to quiet title. <u>Sadler v. Duvall</u>, 815 S.W.2d 285, 293–94 (Tex. App. 1991); <u>AMC Mortg. Servs., Inc. v. Watts</u>, 260 S.W.3d 582, 588 (Tex. App. 2008).  As such, Midfirst's request for attorney fees in this case must be denied.

CONCLUSION

For the aforementioned reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Midfirst's Motion for Summary Judgment (Dkt. # 28).

**IT IS FURTHER ORDERED** that the Clerk issue a **DECLARATORY JUDGMENT** that Midfirst Bank is the rightful owner of a valid Deed of Trust in property located at 218 Ring of Roses, San Antonio, Texas 78227, legally known as Lot 32, Block 2, New City Block 15133, Stablewood

Farms, Unit-1, a subdivision in the City of San Antonio, Bexar County, Texas, according to the map or plat thereof recorded in Volume 9552, Pages 101−02 of the Deed and Plat Records of Bexar County Texas, and that Midfirst is the superior lienholder.

**IT IS FURTHER ORDERED** that the Clerk issue a **DECLARATORY JUDGMENT** that King of Roses 218 Land Trust is the rightful owner of a Trustee's Deed for property located at 218 Ring of Roses, San Antonio, Texas 78227, legally known as Lot 32, Block 2, New City Block 15133, Stablewood Farms, Unit-1, a subdivision in the City of San Antonio, Bexar County, Texas, according to the map or plat thereof recorded in Volume 9552, Pages 101−02 of the Deed and Plat Records of Bexar County Texas, which is a subordinate interest to Midfirst's Deed of Trust.

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, October 12, 2016.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE